## Fowler v. Commonwealth.

(Decided September 23, 1924.)

## Appeal from Jackson Circuit Court.

Intoxicating Liquors—Evidence Held Not to Sustain Conviction for Having Apparatus Designed for Manufacture in Possession.— Testimony that witness found a still worm in the woods about 150 yards from defendant's house, without showing that it was found on defendant's premises, or was his property, and without facts connecting defendant with it, was insufficient to sustain a conviction for having possession of apparatus designed for manufacture of intoxicating liquor.

BEGLEY & MOORE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Hiram Fowler was indicted in the Jackson circuit court for the offense of having in his possession apparatus designed for the manufacture of intoxicating liquor.

On the trial of the case he was found guilty and his punishment fixed at a fine of $300.00 and imprisonment for three months in the county jail. His motion for a new trial was overruled and he appeals.

The indictment was based upon evidence obtained upon a search warrant, which was issued without any affidavit at all to warrant it. The circuit court at the conclusion of the evidence for the Commonwealth ruled out as incompetent all the evidence obtained under the search warrant, but refused to instruct the jury peremptorily on all the evidence to find for the defendant. The only other evidence in the case to sustain the indictment is the testimony of Chester Flannery, stated in the bill of exceptions in these words: ''That he found a still worm in the woods, out on top of a hill about 150 yards above the house of the defendant, and brought it to the house.'' This is all of the testimony. He does not state that he found it on the premises of the defendant or that it was the property of the defendant, and no facts are stated connecting the defendant in any way with the still worm, except that it was found as above indicated. The defendant testified that the place where it was found was not on his premises and that the nearest point that his land ran to it was at least fifty yards away. This testimony was uncontradicted. There being no testimony in the case showing that the defendant was in possession of the still worm or had ever been in possession of it, the defendant's motion for a peremptory instruction should have been sustained.

The fact is that the testimony as to what was found at the house was by no means satisfactory, and leaving out this testimony the mere fact that a still worm was found on the premises of others not far from the house is wholly insufficient to sustain a conviction.

Judgment reversed and cause remanded for a new trial.